# EXHIBIT "A"

Filed
11/20/2019 10:45 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2019CVA002315D1

CAUSE NO. _____

| | | |
|---|---|---|
| PEDRO PAREDES, JR. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| NAVJOT SINGH, BODKIN LEASING | § | |
| CORP., and TRISTAR CARRIERS, LTD. | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR ADMISSION, REQUESTS FOR DISCLOSURE, REQUESTS FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **PEDRO PAREDES, JR.**, Plaintiff, filing this Original Petition and Requests for Disclosure complaining of **NAVJOT SINGH**, **BODKIN LEASING CORP.**, and **TRISTAR CARRIERS, LTD**, Defendants, and shows:

### I. DISCOVERY LEVEL

Plaintiff intends that discovery be conducted under Level 3.

### II. THE PARTIES

Plaintiff is an individual who resides in Webb County, Texas. The last three digits of Plaintiff's Social Security Number are 429. The last three digits of Plaintiff's Driver License Number are 195.

Defendant **NAVJOT SINGH**, whose address is 5334 Bullrush Drive, Mississauga, ON L5V 1Z2, Canada, is a nonresident that engaged in business in Texas out of which this lawsuit arises. **NAVJOT SINGH** does not maintain a regular place of business in Texas and does not have a designated agent for service of process in Texas.

**Service is requested upon the Texas Secretary of State pursuant to the Texas Long-Arm Statute, Texas Civil Practice & Remedies Code §17.044**.

Defendant, **BODKIN LEASING CORP.**, whose address is 102-1465 North Service Rd. E, Oakville, ON L6H 1A7, Canada, is a foreign corporation that engaged in business in Texas out of which this lawsuit arises. **BODKIN LEASING CORP.** does not maintain a principal place of business in Texas and does not have a designated agent for service of process in Texas. **Service is requested upon the Texas Secretary of State pursuant to the Texas Long-Arm Statute, Texas Civil Practice & Remedies Code §17.044**.

Defendant, **TRISTAR CARRIERS, LTD.**, whose address is 15 Tawse Place, Puslinch, ON, N0B 2J0, Canada, is a foreign corporation that engaged in business in Texas out of which this lawsuit arises. **TRISTAR CARRIERS, LTD.** does not maintain a principal place of business in Texas and does not have a designated agent for service of process in Texas. **Service is requested upon the Texas Secretary of State pursuant to the Texas Long-Arm Statute, Texas Civil Practice & Remedies Code §17.044** .

### III. JURISDICTION AND VENUE

Venue is proper in Webb County, Texas, since it is the county where all or a substantial portion of the events giving rise to this claim occurred. This Court has jurisdiction over the subject matter and parties, and the amount in controversy is within the jurisdictional limits of this Court.

## IV. FACTS

Plaintiff brings this lawsuit to recover for damages arising out of an automobile collision that occurred on or about February 28, 2018, in Laredo, Webb County, Texas, at the intersection of Bob Bullock Loop and Shiloh. At that time, Plaintiff was Southbound on Bob Bullock Loop when **NAVJOT SINGH**, who was in the course and scope of his employment with Defendants **BODKIN LEASING CORP.**, and/or **TRISTAR CARRIERS, LTD.**, attempted a right turn from the wrong lane and caused a collision with Plaintiff's vehicle. As a direct and proximate result of the collision, Plaintiff suffered the severe injuries and damages set forth below for which he now sues.

## V. NEGLIGENCE OF NAVJOT SINGH

Said accident was proximately caused by various negligent acts and/or omissions on the part of Defendant, **NAVJOT SINGH**. The negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to avoid the accident, by taking proper evasive action;

2. Failing to maintain a proper look out;

3. Failing to control speed;

4. Failing to timely apply the brakes of the vehicle;

5. Failing to yield the right of way;

6. Turning when unsafe;

7. Turning from the wrong lane;

8. Failing to keep the vehicle under such control as an ordinary prudent person in the exercise of ordinary care would have operated and controlled his vehicle under the same or similar circumstances; and

9. Any and all other acts of negligence and/or omissions to be proven at trial.

Each and every one of the foregoing acts and/or omissions, taken separately and/or collectively, constitutes a proximate cause of Plaintiff's injuries and damages set forth below.

### VI. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST BODKIN LEASING CORP. AND TRISTAR CARRIERS, LTD.

At the time of the occurrence of the act in question and immediately prior thereto, **NAVJOT SINGH** was acting within the course and scope of his employment with Defendants **BODKIN LEASING CORP.** and/or **TRISTAR CARRIERS, LTD.**

At the time of the occurrence of the act in question and immediately prior thereto, NAVJOT SINGH was engaged in the furtherance of business for **BODKIN LEASING CORP.** and/or **TRISTAR CARRIERS, LTD.**

At the time of the occurrence of the act in question and immediately prior thereto, **NAVJOT SINGH** was engaged in accomplishing a task for which he was employed.

Plaintiff herby invokes the doctrine of Respondeat Superior against Defendants **BODKIN LEASING CORP.** and/or **TRISTAR CARRIERS, LTD.**

### VII. DAMAGES

As a direct and proximate result of the actions and/or inactions of the Defendants, Plaintiff suffered the following injuries and damages:

1.   Mental anguish and physical pain suffered from the date and time of the accident and that will in all reasonable probability be suffered in the future;

2.   Physical impairment and physical disfigurement suffered from the date and time of the accident and that will in all reasonable probability be suffered into the future;

3.   Reasonable and necessary medical expenses incurred from the date and time of the accident, and that will in all reasonable probability be incurred in the future; and

4.   Lost wages and lost earning capacity in a sum to be determined by a Webb County Jury to be fair and reasonable.

Plaintiff alleges that these sums, taken cumulatively, are well in excess of the minimum jurisdictional limits of this Court for which Defendants should be made to pay.  Plaintiff seeks monetary relief over $1,000,000.00.

## VIII.  DISCOVERY REQUESTS

### INSTRUCTIONS

Pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, you are hereby requested not later than fifty (50) days after the date of service to:

(a)   Answer under oath each of the following Interrogatories;

(b)   Produce all documents and tangible things which constitute or contain matters relevant to the subject matter in the action which are in your possession, custody, or control, including constructive possession;

(c)   Answer fully and factually each of the Interrogatories hereinafter set out; and

(d)   Give a truthful response to each Request for Admission.

You are also instructed as follows:

1.    If you do not admit the truth of the facts stated in a Request for Admission, you must specifically deny the same or set forth in detail the reasons why you cannot truthfully either admit or deny such statements of fact.

2.    Any Admission made pursuant to these requests applies to this action only and is not an Admission by you for any other purpose and may not be used against you in any other proceeding.

Each matter for which an Admission is requested shall be deemed admitted unless your

response is served on the undersigned attorneys during the period of time set forth herein.

3.    If you deny a request and the Plaintiff(s) thereafter prove(s) the truth of such matter you may be ordered to pay the costs of proof, including Plaintiff(s)'(s) attorneys' fees.

4.    The answers to the Interrogatories must be supplemented when you obtain information upon the basis of which:

    (a)    You know an answer was incorrect when made; or

    (b)    You know that the answer, though correct when made, is no longer true and the circumstances are such that to fail to amend your answers would be in substance a knowing concealment.

## DEFINITIONS

1.    "Documents":  As used herein, the term "documents" means any written, typed, printed, recorded, graphic or photographic matter or sound reproduction however produced or reproduced, and shall include every copy where such copy contains any commentary, marginal comments or notations whatsoever that do not appear in the original.

2.    "Identify" or "Identification":

    (a)    When used in reference to a person, "identify" or "identification" means to state his/her full name and present or last known address, employer and business address, and current residential and business telephone numbers;

    (b)    When used in reference to a public or private cooperation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business or operating address and the name of its chief executive officer; and

(c)    When used with respect to a document, "identify" or "identification" means to state the date, subject or substance, all receipts, type of document, its present location and to identify each of its present custodians. In lieu of identification of a document, Defendant may attach a copy of such document to his answers.

In answering the following Questions, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer a Question in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The Questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Questions below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

(a)    "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

(b)    "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

(1)    Missing or lost;

(2)    Destroyed;

(3)    Transferred voluntarily or involuntarily to others, and, if so, to whom, or;

(4)    Otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

(c)    "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

In each Question wherein you are asked to identify a person, state with respect to such person as follows:

(1)    His/her full name.
(2)    His/her last known address and phone number.

If a person identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

(d)    "Interrogatory" means Interrogatory and "Adm." means Admission.

Where possible, give your answer or response where designated below each Interrogatory or Admission.  Otherwise, attach your replies on a separate sheet of paper, accurately designating each reply to the appropriate question.

## PRIVILEGE LOG REQUEST

If Defendants seek to exclude from discovery any information, documents or tangible things herein sought by claiming that material or information otherwise responsive to this written discovery is privileged, please consider this document to be Plaintiff's request for a privilege log that generally identifies and/or describes the withheld information, documents, or tangible things in accordance with the Texas Rules of Civil Procedure.

## PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANTS

**REQUEST FOR ADMISSION NO. 1:**
Admit or deny that the incident made the basis of this lawsuit occurred on the date alleged in Plaintiff's Petition?

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit or deny that the incident made the basis of this lawsuit occurred in Webb County, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit or deny that **Navjot Singh** operated a vehicle that collided with Plaintiff's vehicle on the day of the incident made the basis of this lawsuit?

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit or deny that **Navjot Singh** did not operate the vehicle he/she was operating under proper control at the time of the incident made the basis of this lawsuit?

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit or deny that Plaintiff bears no responsibility or fault for the collision made the basis of this lawsuit?

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit or deny that all persons/entities that are in any way involved or associated with the incident which is the basis of this lawsuit have been properly named as parties to this cause of action?

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit or deny Plaintiff's allegation that your negligence was the proximate cause of the occurrence in question?

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit or deny that **Navjot Singh** was negligent in causing the collision made the basis of this lawsuit?

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit or deny that your actions and/or inactions on the date of the collision made the basis of this lawsuit were a proximate cause of Plaintiff's injuries and damages?

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit or deny that the Defendant has been properly served with citation in this lawsuit?

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit or deny that at the time of the collision made the basis of this lawsuit **Navjot Singh** failed to make a proper application of the vehicle's brakes?

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit or deny that **Navjot Singh** failed to take proper evasive action to avoid the collision made the basis of this lawsuit?

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit or deny that as a result of the collision made the basis of this lawsuit the Plaintiff suffered bodily injury?

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit or deny that **Navjot Singh** was acting within the course and scope of his/her employment with **Bodkin Leasing Corp.,** when the collision made the basis of this lawsuit occurred.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit or deny that, at the time of the collision made the basis of this lawsuit, **Navjot Singh** was using a cell phone?

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit or deny that the collision made the basis of this lawsuit caused the Plaintiff to incur over **$1,000,000** in damages?

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that **Bodkin Leasing Corp.** was the owner of the truck that Defendant **Navjot Singh** was driving at the time of the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**
Admit that, at the time of the incident made the basis of this suit, **Navjot Singh** had a duty to keep a proper lookout.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**
Admit that, at the time of the incident made the basis of this suit, **Navjot Singh** owed a duty to **Pedro Paredes, Jr.** to keep a proper lookout.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**
Admit that at the time of the incident made the basis of this suit, Defendant **Navjot Singh** was not keeping a proper lookout for other vehicles utilizing the roadway where the incident occurred.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**
Admit that mechanical problems with the Truck driven by **Navjot Singh** did not contribute to the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**
Admit that mechanical problems with the Truck driven by **Navjot Singh** did contribute to the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
Admit that the incident was a Department of Transportation reportable incident to a governmental agency.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**
Admit that the incident made the basis of this suit was required to be reported to the Department of Transportation.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**
Admit that the incident made the basis of this suit was a DOT reportable incident.

　　　**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**
Admit that the incident made the basis of this suit was reported to the Department of Transportation by or on behalf of Defendants by any entity, including but not limited to **Defendants**.

　　　**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**
Admit that on the day of the incident made the basis of this suit, it was standard company policy and procedure of **Bodkin Leasing Corp.** to require **Navjot Singh** to complete and prepare an accident or incident report following a motor vehicle incident that causes injury or death.

　　　**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**
Admit that on the day of the incident made the basis of this suit, it was standard company policy and procedure of **Bodkin Leasing Corp.** to require **Navjot Singh** to complete and prepare an accident or incident report following a motor vehicle incident, such as the incident made the basis of Plaintiff's suit that caused injury to **Pedro Paredes, Jr.**

　　　**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**
Admit that **Navjot Singh** reported the incident made the basis of this suit to his insurance carrier.

　　　**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**
Admit that on the day of the incident made the basis of this suit, it was the standard operating policy and procedure of **Bodkin Leasing Corp.** to report a motor vehicle incident involving property damage to its insurance carrier.

　　　**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**
Admit that the insurance policy in place providing coverage to Defendants for the incident made the basis of this suit required them to report the incident made the basis of this suit as soon as possible to their insurance carrier.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**
Admit that the insurance policy in place providing coverage to Defendants for the incident made the basis of this suit required him/it to report the incident made the basis of this suit to his/its insurance carrier.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**
Admit that following the incident made the basis of this suit Defendant **Navjot Singh** received a written reprimand for his conduct and actions involved in the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**
Admit that following the incident made the basis of this suit Defendant **Navjot Singh** received an oral reprimand for his conduct and actions involved in the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**
Admit that following the incident made the basis of this suit **Navjot Singh** received a reduction in pay for his conduct and actions involved in the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:**
Admit that following the incident made the basis of this suit **Navjot Singh** was demoted for his conduct and actions involved in the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**

Admit that following the incident made the basis of this suit Defendant **Navjot Singh** was relieved of his driving duties for a period of time for his conduct and actions involved in the incident made the basis of this suit.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**
Admit that following the incident made the basis of this suit **Navjot Singh** was required to take additional driver's education training.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**
Admit that following the incident made the basis of this suit **Navjot Singh**'s driving duties and responsibilities were changed and/or modified as a result of his conduct and actions in the incident made the basis of this suit.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**
Admit that following the incident made the basis of this suit **Navjot Singh** 's driving duties and responsibilities were restricted as a result of his conduct and actions in the incident made the basis of this suit.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:**
Admit that following the incident made the basis of this suit, **Bodkin Leasing Corp.** conducted an investigation into the cause of the incident made the basis of this suit.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:**
Admit that it was the standard operating policy and procedure of **Bodkin Leasing Corp.** at the time of the incident made the basis of this suit to conduct an investigation into the cause of any motor vehicle incident involving death.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 43:**
Admit that it was the standard operating policy and procedure of **Bodkin Leasing Corp.** at the time of the incident made the basis of this suit to conduct an investigation into the cause of any motor vehicle incident involving personal injury.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 44:**
Admit that the injuries and damages alleged by Plaintiff in this lawsuit are not the result of a "new and independent and intervening cause."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 45:**
Admit that the incident was not, in any way, caused by **Navjot Singh**'s failure "to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 46:**
Admit that the incident was proximately caused, at least in part, by **Navjot Singh**'s negligence.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 47:**
Admit that the incident was proximately caused, at least in part, by **Bodkin Leasing Corp.**'s negligence.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 48:**
Admit that the Plaintiff was not negligent in the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 49:**
Admit that the Plaintiff did not fail to act as a person of ordinary prudence would have done under the same or similar circumstances in the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 50:**
Admit that the Plaintiff's actions or inactions were not "the sole cause and/or proximate cause" of the Plaintiff's injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 51:**
Admit that Defendant **Navjot Singh** was utilizing a cell phone at the time of the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR ADMISSION NO. 52:**
Admit that the incident made the basis of this lawsuit caused damages to Plaintiff.

RESPONSE:

**REQUEST FOR ADMISSION NO. 53:**
Admit that, as a result of the incident made the basis of this suit, Plaintiff **Pedro Paredes, Jr.** sustained injuries.

RESPONSE:

**REQUEST FOR ADMISSION NO. 54:**
Admit that at the time of the incident made the basis of this suit, **Bodkin Leasing Corp.** did not maintain a driver qualification file containing **Navjot Singh's** application for employment.

RESPONSE:

**REQUEST FOR ADMISSION NO. 55:**
Admit that at the time of the incident made the basis of this suit, **Bodkin Leasing Corp.** did not maintain a driver qualification file containing the certificate of **Navjot Singh's** road test issued to **Navjot Singh** or a copy of the license of certificate which the motor carrier accepted as an equivalent to **Navjot Singh's** road test.

RESPONSE:

**REQUEST FOR ADMISSION NO. 56:**
Admit that at the time of the incident made the basis of this suit, **Bodkin Leasing Corp.** did not maintain a driver qualification file for **Navjot Singh** containing the response of each state agency required to the annual record inquiry required by statute, company and/or trade custom.

RESPONSE:

**REQUEST FOR ADMISSION NO. 57:**
Admit that at the time of the incident made the basis of this suit, **Bodkin Leasing Corp.** did not maintain a driver qualification file containing a note relating to the annual review relative to **Navjot Singh's** driving records.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 58:**
Admit that at the time of the incident made the basis of this suit, **Bodkin Leasing Corp.** did not maintain a driver qualification file for **Navjot Singh** containing a list or certificate relating to violations of motor vehicle laws and ordinances.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 59:**
Admit that at the time of the incident made the basis of this suit, **Bodkin Leasing Corp.** did not maintain a driver qualification file containing the medical examiners certificate relative to **Navjot Singh**'s physical qualification to drive a commercial motor vehicle or a legible photographic copy of the certificate.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 60:**
Admit that at the time of the incident made the basis of this suit, **Bodkin Leasing Corp.** did not maintain a driver investigation history file on Defendant, **Navjot Singh**.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 61:**
Admit that at the time of the incident made the basis of this suit **Bodkin Leasing Corp.** did not maintain the safety performance histories received from previous employers of **Navjot Singh**.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 62:**
Admit that at the time of the incident made the basis of this suit, **Navjot Singh** was not a multiple-employer driver as that term is defined in section 390.5 of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 63:**
Admit that at the time of the incident made the basis of this suit, Defendant **Navjot Singh** was not regularly employed by a motor carrier other than Defendant, **Bodkin Leasing Corp.**

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 64**:
Admit that **TriStar Carriers, LTD** was the owner of the truck that Defendant **Navjot Singh** was driving at the time of the incident made the basis of this suit.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 65:**
Admit or deny that **Navjot Singh** was acting within the course and scope of his/her employment with **TriStar Carriers, LTD** when the collision made the basis of this lawsuit occurred.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 66:**
Admit that on the day of the incident made the basis of this suit, it was standard company policy and procedure of **TriStar Carriers, LTD** to require **Navjot Singh** to complete and prepare an accident or incident report following a motor vehicle incident that causes injury or death.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 67:**
Admit that on the day of the incident made the basis of this suit, it was standard company policy and procedure of **TriStar Carriers, LTD** to require **Navjot Singh** to complete and prepare an accident or incident report following a motor vehicle incident, such as the incident made the basis of Plaintiff's suit that caused injury to **Pedro Paredes, Jr.**

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 68:**
Admit that on the day of the incident made the basis of this suit, it was the standard operating policy and procedure of **TriStar Carriers, LTD** to report a motor vehicle incident involving property damage to its insurance carrier.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 69:**
Admit that following the incident made the basis of this suit, **TriStar Carriers, LTD** conducted an investigation into the cause of the incident made the basis of this suit.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 70**:
Admit that it was the standard operating policy and procedure of **TriStar Carriers, LTD** at the time of the incident made the basis of this suit to conduct an investigation into the cause of any motor vehicle incident involving death.

RESPONSE:

**REQUEST FOR ADMISSION NO. 71**:
Admit that it was the standard operating policy and procedure of **TriStar Carriers, LTD** at the time of the incident made the basis of this suit to conduct an investigation into the cause of any motor vehicle incident involving personal injury.

RESPONSE:

**REQUEST FOR ADMISSION NO. 72**:
Admit that the incident was proximately caused, at least in part, by **TriStar Carriers, LTD**'s negligence.

RESPONSE:

**REQUEST FOR ADMISSION NO. 73**:
Admit that at the time of the incident made the basis of this suit, **TriStar Carriers, LTD** did not maintain a driver qualification file containing **Navjot Singh**'s application for employment.

RESPONSE:

**REQUEST FOR ADMISSION NO. 74**:
Admit that at the time of the incident made the basis of this suit, **TriStar Carriers, LTD** did not maintain a driver qualification file containing the certificate of **Navjot Singh**'s road test issued to **Navjot Singh** or a copy of the license of certificate which the motor carrier accepted as an equivalent to **Navjot Singh**'s road test.

RESPONSE:

**REQUEST FOR ADMISSION NO. 75**:
Admit that at the time of the incident made the basis of this suit, **TriStar Carriers, LTD** did not maintain a driver qualification file for **Navjot Singh** containing the response of each state agency required to the annual record inquiry required by statute, company and/or trade custom.

RESPONSE:

**REQUEST FOR ADMISSION NO. 76:**
Admit that at the time of the incident made the basis of this suit, **TriStar Carriers, LTD** did not maintain a driver qualification file containing a note relating to the annual review relative to **Navjot Singh**'s driving records.

RESPONSE:

**REQUEST FOR ADMISSION NO. 77:**
Admit that at the time of the incident made the basis of this suit, **TriStar Carriers, LTD** did not maintain a driver qualification file for **Navjot Singh** containing a list or certificate relating to violations of motor vehicle laws and ordinances.

RESPONSE:

**REQUEST FOR ADMISSION NO. 78:**
Admit that at the time of the incident made the basis of this suit, **TriStar Carriers, LTD** did not maintain a driver qualification file containing the medical examiners certificate relative to **Navjot Singh**'s physical qualification to drive a commercial motor vehicle or a legible photographic copy of the certificate.

RESPONSE:

**REQUEST FOR ADMISSION NO. 79:**
Admit that at the time of the incident made the basis of this suit, **TriStar Carriers, LTD** did not maintain a driver investigation history file on Defendant, **Navjot Singh**.

RESPONSE:

**REQUEST FOR ADMISSION NO. 80:**
Admit that at the time of the incident made the basis of this suit **TriStar Carriers, LTD** did not maintain the safety performance histories received from previous employers of **Navjot Singh**.

RESPONSE:

**REQUEST FOR ADMISSION NO. 81:**
Admit that at the time of the incident made the basis of this suit, Defendant **Navjot Singh** was not regularly employed by a motor carrier other than Defendant, **TriStar Carriers, LTD**.

RESPONSE:

**REQUEST FOR ADMISSION NO. 82:**

Admit that at the time of the subject incident, you were insured under a liability policy greater than $750,000.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 83:**
Admit that at the time of the subject incident, you were insured under an umbrella policy greater than $1,000,000.

**RESPONSE:**


**PLAINTIFF'S REQUESTS FOR PRODUCTION TO ALL DEFENDANTS**

**REQUEST FOR PRODUCTION NO. 1:**
Produce all documents that support your response to **Interrogatory No. 3**.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Produce any photographs, motion pictures, videotapes, slides, films, maps, drawings, charts, or recordings connected with or related to the matters made the basis of this lawsuit, including all photos of the vehicles and or location that may be in your actual or constructive possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Produce any diaries, notes, or similar documents prepared by the Defendants, its officers, executives, employees and/or servants, other than the attorneys for the Defendants, which relate to the facts or allegations of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
All notes, memoranda, written communications, electronically stored data, and communications, photographs, movies, videotapes, modules, re-enactments, audio tapes, written statements, and tests that are relevant to this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Please provide a copy of or supply a time and place for this party to view and/or copy any surveillance, movies, photos, investigative reports, maps, or drawings relating to Plaintiff or any other party in this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:**
Please provide a copy of **Navjot Singh**'s driver license.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:**
Produce copies of any and all witness statements taken, whether signed or unsigned, written, oral, or transcribed, involving the accident made the basis of this lawsuit that are in the possession, custody, or control of the said Defendants, including any statements made by the Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:**
Produce any and all property damage appraisals prepared as a result of the collision made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:**
Produce copies of any and all records or reports that relate to the investigation of the collision made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**
Please provide true and correct copies of any and all documents reviewed or relied upon in preparation of Answering Plaintiff's Interrogatories to Defendants.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:**
Please produce true and correct copies of any and all documents retrieved by Defendants as a result of the use of any authorizations provided by Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**

Please produce true and correct copies of any and all documents in the possession of Defendant or Defendants' attorneys, the sole basis of which is to impeach Plaintiffs.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**
With regards to **Interrogatory No. 4**, produce copies of any and all records, reports or documents that support your response.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**
With regards to **Interrogatory No. 5**, produce copies of any and all records, reports or documents that support your response.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**
Please produce copies of your cellular phone bill for the month and year within which the collision made the basis of this lawsuit took place.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**
Please produce your insurer's claim file.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:**
Produce your cell phone records for one (1) hour prior to and one (1) hour after the accident made the basis of this lawsuit. In the alternative, please complete and sign the attached authorization for your cell phone records.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:**
Produce your driver's record. In the alternative, please complete and sign the attached authorization for your driver's record.

**REQUEST FOR PRODUCTION NO. 19:**
Produce any notes, social media posts or social media statements regarding this collision or your injuries.

RESPONSE:

**REQUEST FOR PRODUCTION NO.** 20:
Please provide all data recorded or saved by the "safe driving apps" for the collision made the basis of this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Produce all documents that identify the owner of the Truck driven by **Navjot Singh** at the time of the incident.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Produce all documents (and different versions thereof) reporting the incident to any governmental agency.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
Any documents you may contend to show contributory negligence on the part of Plaintiff **Pedro Paredes, Jr.** or that he was solely negligent in causing the incident underlying this suit. This request is for the specific pages of any applicable records.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
Consistent with TRCP 197.1 and 192.3(j), all documents that show the injuries and damages alleged by Plaintiff in this lawsuit are the result of a "new and independent and intervening cause." This request is for the specific pages of any applicable records.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**
Consistent with TRCP 197.1 and 192.3(j), all documents you may contend show that the incident was in any way a result of a failure "to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances" by Plaintiff **Pedro Paredes, Jr.** .

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**
All documents you may contend show that a failure "to exercise that degree of care which a person of ordinary care would have exercised in the same or similar

circumstances" by Plaintiff was "the sole cause and/or proximate cause" of Plaintiff's injuries.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**
Please produce **Bodkin Leasing Corp.,** and **TriStar Carriers, LTD**'s company policies and procedures which were in place at the time **Navjot Singh** was hired by **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** regarding the hiring of employees that had been previously terminated or released by other employers, who had a criminal record, and/or who had prior motor vehicle incidents, and/or prior moving violations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**
Please produce the cell phone records, billing, usage, and all other records, of **Navjot Singh** cell phone from 10 days prior to the incident through 10 days after the time of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**
All photographs and video recordings of the following items relating to:
a. the vehicle in question and/or any vehicle involved in the incident made the basis of this suit
b. contents of the vehicle in question;
c. the scene and/or surrounding area of the incident made the basis of this suit;
d. physical features at or near the scene of the incident, including skid marks, gouge marks, points of impact, debris, and damage;
e. the general area of the incident;
f. the road and weather conditions that existed at the time of the incident;
g. persons involved in the incident;
h. witnesses to the incident;
i. persons who arrived at the scene after the incident;
j. any property damage or repairs made to the truck and/or any vehicle involved in the incident made the basis of this suit.
k. any photographs relating to the incident made the basis of this suit or the claims of Plaintiff with regard to the extent and nature of Plaintiff's injuries sustained as a result of this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Any and all photographs or video recordings of your vehicles, tractors and trailers involved in the incident taken in the six months prior to the incident made the basis of this suit.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 27**:
Any and all photographs or video recordings of the vehicles, tractors, and trailers taken on the day of the incident, and in the six months following the incident.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 28**:
Any drawings, pictures, blueprints, or other graphic representations of the scene of the accident, or of any persons or vehicles involved in this lawsuit made by you or drawing in your possession made by any employee, agent or representative of **Defendants**, any police officer, or witness to the accident.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 29**:
A copy of any photographs and/or video tapes of any reconstructions or attempts to reconstruct the incident, site lines involved, visibility, braking issues, speed issues, or any other matter dealing with a reconstruction of any issues involved in the incident.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 30**:
A copy of any aerial photographs or videotapes of the site of the scene where the incident occurred.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 31**:
Produce a copy of any company policies, procedures, or requirements that were in place at the time of the incident made the basis of this suit regarding the following:
a. for a driver involved in an automobile or trucking accident to submit to an alcohol or drug test following the accident;
b. the use of stimulants by a commercial motor vehicle driver employed by **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 32**:

Any records or documentation (medical or non-medical) that would indicate Defendant **Navjot Singh** was a user of stimulants as a commercial motor vehicle driver during any time of his respective employment with **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** or any other employer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 33:**
Any records or documents (medical or non-medical) which would indicate that **Navjot Singh** consumed or was under the influence of alcohol while operating an automobile or commercial motor vehicle, or was a user of any illegal substance(s) or illegal drug(s) during any time of his respective employment with **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** or any other employer. This would include the results of any drug or alcohol testing, both scheduled and unscheduled, conducted pursuant to statute, company policy and/or trade custom.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 34:**
A copy of any documentation in your possession regarding the results of any drug or alcohol testing undergone by **Navjot Singh** in the seventy two (72) hours following the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35:**
All test results, analysis, or public records which indicate alcohol or drug consumption, use or effect on the operator of the truck involved in the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 36:**
A copy of the prescription information or label for any prescription medications Defendant **Navjot Singh** was on at the time of the incident made the basis of this suit or had taken in the thirty-six (36) hours prior to the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:**
Produce a copy of any company policies, procedures, or requirements which were in place at the time of the incident regarding:
a. the generation or preparation of an incident or accident report following an automobile or trucking accident involving an employee of Defendant,

b. how to write an incident report,

c. dealing with accepting or denying liability for an incident or accident when preparing an incident or accident report,

d. who a driver is allowed to speak to following an accident or incident,

e. the giving of a statement by the driver,

f. requesting that a representative of the company be present before speaking to anyone or giving a statement,

g. what a driver should or should not do, say, admit to, or sign (or that address a driver's recommended conduct or actions) following a vehicular incident,

h. when, and under what circumstances, an accident, incident report, or report of accident/injury form, was required to be sent to any insurance carrier for **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** following an automobile or trucking accident,

i. what internal investigation was required to be performed into the facts, injuries claimed, cause of any automobile or trucking accident, and to determine fault and/or the cause (including the factors to be followed and steps to be followed in determining fault) of any automobile or trucking accident involving an employee of **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** which were in place at the time of the incident made the basis of this suit. This includes a request for any policies, procedures, and/or rules adopted by **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** to determine whether any accident is chargeable, non-chargeable, preventable, or non-preventable,

j. dealing with actions or corrective measures which were to be taken to discipline, reprimand, retrain, instructor demote an employee of **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** after his involvement in a motor vehicle accident involving property damage or personal injury,

k. any change in any policy or procedure of **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** made specifically as a result of the incident made the basis of this suit,

l. relating to the reasons a driver could be suspended, reprimanded, demoted, or terminated in place on the day of the incident made the basis of this suit, and

m. what individuals were to be notified (and in what order) after a driver of a commercial motor vehicle was involved in a vehicular incident.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**
Consistent with TRCP 197.1 and 192.3(j), any reports, memoranda, documents, or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

Consistent with TRCP 197.1 and 192.3(j), any reports, correspondence, or statements made by you and/or on your behalf or exchanged with any insurance carrier with regard to the occurrence in question generated prior to receipt of any document from the attorney for Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**
Consistent with TRCP 197.1 and 192.3(j), a copy of the entire claim and investigation file (including copies of the front and back covers) of any Defendant, Defendant's representatives, or agents, regarding the incident made the basis of this suit (and damages associated with the accident) made or acquired prior to receipt of any correspondence from Plaintiff's attorney. This includes but is not limited to, any internal incident reports prepared by the Loss Analysis Departments, Risk Analysis Departments, or Safety Managers or Directors of Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**
A copy of the entire claim and investigation file (including copies of the front and back covers) of your insurance company, regarding the incident made the basis of this suit (and damages associated with the accident) made or prior to receipt of any correspondence from Plaintiff's attorney.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**
A copy of all documentation forwarded by you to the Texas DOT or US DOT, or received by you from the Texas DOT or US DOT following the incident made the basis of this suit dealing with the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**
Please produce a copy of any documents relating to safety meetings and topics of same conducted by **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** for drivers of trucks such as yourself or for any other type of commercial vehicle dealing with the topic of making turns, safe passing distances, keeping a proper lookout, controlling speed, and maximum allowable driving in the two (2) years prior to the incident made the basis of this suit. Please include documents that identify the person(s) conducting the meetings, the date of the meeting, topic of the meeting, and whether you attended any such meeting.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**
Produce a copy of any incident or accident reports or report of accident or injury forms prepared addressing, dealing with, or as the result of the incident. This includes a copy of any drafts, hand written versions, corrections or alternative versions to any incident or accident reports prepared as a result of the incident made the basis of this suit. This also includes all attachments to said incident or accident reports.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**
The results, reports, and minutes of **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD'**s safety committee and accident review committee in connection with their investigation of the incident in question.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**
Produce a copy of all reprimands, corrective action, employee evaluations, demotions, promotions, deductions in pay, or disciplinary actions taken against or addressed with you, as a result of the incident.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**
Produce a copy of the results of any internal company finding of fault or non-fault by **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** relating to the cause of the incident. This includes, but is not limited to, the factual portion of the motor carrier's internal investigation of this incident and the determination of whether the accident was chargeable against the driver.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**
A copy of a representative document showing the identity and employer of any individual that took any photograph of the truck involved in the incident made the basis of this suit and/or the scene made the basis of this suit at any time from **February 28, 2018** to the present.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**
Produce a blank copy of any and all forms required (by law or company policy) to be completed by **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD'**s employees,

and/or you, following an incident that were in place on the date of the incident. This includes a request for all forms that were actually filled out.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 50:**
Any tangible items recovered from the scene of the incident, from any truck involved in the incident, or from the any of the individuals involved in the incident. This includes all magazines, bottles, pills, vehicle debris, papers, documents, medicines, hours of service logs, etc. recovered from the scene, the inside of the truck, or from any of the Defendants, Plaintiff or witnesses. Plaintiff requests that these items be listed and made available for inspection and copying.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 51:**
The accident register of Defendant relating to the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 52:**
A true and correct copy of any and all tickets, charges, citations, complaints or other court documents or correspondence issued to or filed against any of the Defendants that arose out of the accident made the basis of this lawsuit, and any documents showing the disposition of said ticket or charges, including any pleas and fines paid.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 53:**
A copy of all documentation forwarded by or received by you from or to any police department, Department of Public Safety office, district attorney's office, judge, municipal court, court of law, or prosecutor following the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 54:**
A copy of company policies and procedures in place in the six months prior to and including the day of the incident dealing with the paperwork that is to be turned in daily, weekly, and monthly by each driver of a commercial vehicle such as **Navjot Singh**, employed by **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**

RESPONSE:

**REQUEST FOR PRODUCTION NO. 55:**
Produce a copy of any of Defendant, **Bodkin Leasing Corp.**, and/or **TriStar Carriers, LTD**'s policies and/or procedures in place at the time **Navjot Singh** was hired dealing with:
a. the allowable number of prior accidents and/or prior tickets or moving violations that a commercial motor vehicle driver was allowed to have prior to the time that he/she was eligible for employment with Defendant, **Bodkin Leasing Corp.**, and/or **TriStar Carriers, LTD**;
b. any of Defendant, **Bodkin Leasing Corp.**, and/or **TriStar Carriers, LTD**'s hiring policies and/or procedures pertaining to truck drivers in place at the time Defendant, **Navjot Singh** was hired;
c. the requirement of performing an employee background check and employment check on any employee (including a criminal record check) prior to the time of their employment with Defendant, **Bodkin Leasing Corp.**, and/or **TriStar Carriers, LTD** which were in place at the time that **Navjot Singh** was hired and retained by Defendant, **Bodkin Leasing Corp.**, and/or **TriStar Carriers, LTD**; and
d. whether or not (and under what conditions) Defendant, **Bodkin Leasing Corp.**, and/or **TriStar Carriers, LTD** allowed or authorized the hiring of drivers when it was learned that the potential employee had a criminal background, or that the driver had been released or terminated by prior employers;

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**
A copy of Defendant, **Bodkin Leasing Corp.**, and/or **TriStar Carriers, LTD**'s "form" or blank "Driver Qualification File", as it existed, at the time **Navjot Singh** was hired as an employee, and as it existed, at the time of the incident made the basis of this suit.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**
Complete and clearly readable copies of the "Driver Qualification File" maintained by **Bodkin Leasing Corp.**, and/or **TriStar Carriers, LTD** relating to Defendant **Navjot Singh** in its precise state of existence on the date of the accident (**February 28, 2018**). Please answer each subsection separately and segregate the documents responsive to each subsection. This includes a request for the following:
a. Any pre-employment questionnaire or other documents secured from you prior to employment,
b. Any and all applications for employment completed by you,
c. A list of your previous employers for the ten (10) years preceding the date of employee application,
d. The reasons for leaving said employments,
e. Accident register listing all reportable preventable accidents for the last ten (10) years,

f. A copy of the response by each State agency concerning your driving record,

g. The certificate of driver's road test issued to you or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test,

h. The response of each State agency to the annual driver record inquiry,

i. Any document relating to the annual review of your driving record,

j. A copy of any document generated or received as a result of Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**'s inquiry into your driving record during each period of employment with **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD,**

k. A list or certificate relating to violations of motor vehicle laws and ordinances by any Defendant,

l. The medical examiner's certificate of your physical qualification to drive a commercial motor vehicle or a legible photographic copy of the certificate,

m. Any letter from the Regional Director of Motor Carriers granting a waiver of a physical disqualification, and

n. Any and all other contents of your driver qualification files (respectively), regardless of subject, form, purpose, originator, receiver, title or description.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 58:**
Complete and clearly readable copies of any and all other documents added to your "Driver Qualification File" from **February 28, 2018** to the present date, as presently maintained by Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** Please identify and produce such documents separate and apart from the documents requested in Request for **PRODUCTION** immediately prior to this one.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 59:**
Complete and clearly readable copies of the "Driver Investigation History File" (including the front and back covers of same) maintained by Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** on **Navjot Singh** in its precise state of existence on the date of the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 60:**
A copy of any document prepared by any person or entity informing Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** that **Navjot Singh**'s license, permit, or privilege to operate a commercial motor vehicle has (or have) been revoked, suspended, or withdrawn.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 61:**
A copy of any document dealing with any inquiry into **Navjot Singh**'s driving record from any State in which he held a motor vehicle operator's license or permit prior to his employment by Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**
A copy of any document dealing with any inquiry or investigation of **Navjot Singh**'s safety performance history with any Department of Transportation regulated employer.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**
A copy of any document dealing with any inquiry or investigation (including personal interviews, telephone interviews, letters, notes, or other documents) into the driving record, driving history, employment history, safety performance history, or criminal record relating to **Navjot Singh** generated or received pursuant to his respective applications for employment with Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**
Please furnish (or provide a time and place for this party to inspect, copy or both) the original and/or an exact copy of your Complete Personnel Files on **Navjot Singh**. Plaintiff is not, however, seeking the portions of the employee file dealing with 40l K, retirement plans, tax exemptions, health insurance, or family matters, and these items need not be produced.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**
A copy of any company policy, manual, requirements, or procedures in place at the time of the incident made the basis of this suit for a commercial motor vehicle driver of Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD'**s and for drivers such as **Navjot Singh**, dealing with:
a. keeping a proper look-out;
b. proper turns when driving;
c. maintaining a proper lane;
d. the proper following distance to be maintained by an employee of Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD'**s, driving a commercial vehicle, such as Defendant **Navjot Singh**;

e. driver safety for **Navjot Singh** or relative to his employment with Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**;

f. official written policies and procedures relating to your driver education and qualification program;

g. the amount of continuing education regarding driver safety to be completed by you or each driver of a commercial vehicle employed by you, on an annual basis;

h. the required attendance at safety meetings by you or others involved in the driving of commercial vehicles while in the employment of Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**; and

i. the allowable number of accidents, tickets, or moving violations of a driver to be able to maintain employment and/or driving privileges with Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**
Produce a copy of your company's policy dealing with how often safety meetings would be held and what individuals were required to attend for the two (2) calendar years prior to and including the incident.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**
Produce a copy of any and all documents, videotapes, photographs, manual, handbooks or policy and procedure manuals, company manuals, or other company documentation given or provided to **Navjot Singh** during any period of employment with Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** dealing with the training or instruction of a commercial motor vehicle operator, and/or the topics of driving safety, trucking safety, safe truck operation, driver education, driving hours, inspection and maintenance of truck, or that address the conduct of a driver of commercial motor vehicle. This includes a request for copies of any documents verifying or showing that **Navjot Singh** signed for the above referenced documents.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**
Produce a copy of the "Driver's Handbook" (whether known by this name or another) in use by any Defendant on the date of the incident.

> **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**
Produce a copy of any "Driver's Handbook" (whether known by this name or another) provided to **Navjot Singh**, during any time of his respective employment, agency or

affiliation with Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** or any **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**-related entity, including the date of the incident.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**
Produce a copy of all documents which contain any reference to any complaint against, reprimand of, or disciplinary action taken against **Navjot Singh** for any reason whatsoever during his periods of employment, agency or affiliation with Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** or any related entity. This is not limited to driving instances. Further, it specifically includes those instances that were summarily dismissed or not acted upon against you.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**
A complete copy of the "Record of Duty Status" (whether known by this name or another) file on Defendant **Navjot Singh**.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**
Any and all of **Navjot Singh**'s mileage log book(s), if any, including but not limited to his DOT hour of service logs as required by the FMCSR for the six (6) months prior to and including the incident to thirty (30) days after the incident.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**
A copy of any results of any "Smart Truck", Systems Technology, Inc., TOPS, OMNI TRACS, QUALCOM, READY SHAFT II, or other computer based fatigue monitoring system (or other similar system, whether or not computer driven) in place in the truck and any other vehicle which **Navjot Singh** operated for the time period of six months prior to the incident to one month after the incident.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**
All documents stating or relating to instructions, orders, or advice given to **Navjot Singh** by **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** or shippers, receivers, and any other persons or entities, on or before the incident, concerning any matter relating to the trip in question including cargo transportation, travel routes, locations to purchase fuel, shippers, receivers, and cargo pickup or delivery times.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**
All GPS System or GPS position histories or other vehicular movement recording system documents or records, along with any truck trip recorder generated documents, or any otherwise described documents by whatever means, in reference to the physical movement and geographical locations of **Navjot Singh** and any truck driven by him for six (6) months prior to and including the date of occurrence to one (1) month after the date of the incident. This would include any and all information that can be downloaded from computer terminals, tracking systems and/or positioning systems relating to his whereabouts and/or his vehicle's whereabouts. This would also include any and all created electronic or satellite "Vehicular movement recording documents or records" such as QualComm, HighwayMaster, American Mobile Satellite Corp., OmniTracs, OmniEXPRESS, TruckMAIL, OmniOne, FleetAdvisor, JTRACS Pro, Sensor TRACS, or any similar organization's records. This request specifically includes Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**'s records from any interactive satellite communications network linking the vehicles in its fleet.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**
A complete copy of any Driver Management System database information (raw data) in its commonly stored form for any vehicle driven by **Navjot Singh**, for the time period of six (6) months prior to the date of the incident to one month after the date of the incident. This request includes a request for a copy of any and all Driver Management System software necessary to analyze and produce reports from the database information (raw data).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**
Any and all mechanical or electronic records kept by any on-board recording Electronic Control Module (ECM) or Motor Vehicle Event Data Recorder (MVEDR), commonly known as a "black box" including, but not limited to, Cummins Celect (CLECT), Cummins Quik-Link, NEXIQ Pro-Link, Detroit Diesel Pro Driver, Detroit Diesel DDEC III & DDEC IV, Caterpillar Fleet Information System (FIS), Caterpillar ADEM, Mack Bosch and Volvo Truck VCADS for the day of the incident related to the truck operated by **Navjot Singh**.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**

Any event data recorder (EDR) information, electronic sensing data, electronic control module data, or sensing diagnostic module (SDM) data for the truck involved in the incident for the day of the incident. This includes a request for any record made by any recording device if the truck was equipped with any type of recording device for recording speed, time and/or engine revolutions per minute, etc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**
Copies of all records generated through the use of the Lane Guidance System, Freightliner Lane Guidance System, EATON VORAD system or any other incident warning or incident avoidance system with which the truck was equipped with at the time of the incident which relate to the incident (including the twenty (24) hours preceding the incident in question).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:**
A copy of any cell phone, walkie-talkie, or mobile phone records, transcriptions, telephone records, or audio tape recordings of any telephone records, cell phone records, mobile radio records, fax transmissions, or dispatch records regarding any transmission sent or received by **Navjot Singh** on the day of the incident (**February 28, 2018**).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:**
A copy of company policies and procedures that were in place at the time of the incident on how the rate of pay and/or compensation for Defendant **Navjot Singh** was calculated.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:**
A copy of company policies and procedures that were in place at the time of the incident on how a commercial motor vehicle driver employed with Defendant is to receive reimbursement for any expenses, including how any reimbursement is calculated.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:**
A copy of any request for reimbursement, receipts for reimbursement produced, or other document showing any reimbursement for expenses to **Navjot Singh** for the time period **of February 28, 2018 through June 30, 2018.**

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 84**:
Copies of all documents which reflect the method by which **Navjot Singh**'s paycheck was calculated, including bonuses, as well as copies of those paychecks or pay stubs, for the six (6) months prior to and including the incident and the one (1) month subsequent to the incident, date of accident (**February 28, 2018**) inclusive.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 85**:
A copy of any lease, trip lease contract, lease contracts, or agreements between any of the Defendants, and/or a copy of any lease or rental agreement in place in dealing with the Truck involved in the incident which was in effect at the time of the incident, and for the time period of thirty (30) days before and thirty (30) days after the incident.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 86**:
A copy of any document identifying the owner of the truck involved in the incident, including the title.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 87**:
Copies of any contracts or agreements between Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD**, or any related entity and any other person or entity with regard to the lease and/or use of the truck involved in the incident and/or an independent contractor with regard to the lease and/or use of the truck involved in the incident.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 88**:
A copy of any Driver's Daily, Weekly, or Monthly Vehicle Inspection Report, Driver Equipment Compliance Check, Driver Vehicle Inspection Report, or other vehicle inspection records for each day from three (3) months prior to the incident to one (1) month after the incident, completed by you.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 89**:
A copy of any Driver's Daily, Weekly, or Monthly Vehicle Inspection Report, Driver Equipment Compliance Check, Driver Vehicle Inspection Report, or other vehicle

inspection records completed on the truck involved in the incident from three (3) months prior to the incident to one (1) month after the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:**
A copy of the last inspection, photograph, or videotapes of the exterior and interior of the truck made the basis of this suit prior to the incident and a copy of the first inspection, photograph, or videotapes of the exterior and interior of the truck made the basis of this suit following the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:**
All documents relating to repairs, repair orders, work orders, invoices, maintenance records, routine maintenance records, appraisals, inspections, alterations, or modifications (actually performed or recommended) to the truck (or any of its components) during the two (2) years prior to the incident to one (1) year following the incident. This includes, but is not limited to any and all maintenance files and records prepared in accordance with any statute, company policy or trade custom on the truck and/or trailer involved in the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:**
Any and all documents reflecting repair estimates, repair orders, work order, repairs performed, repairs needed, vehicle valuations, listings of pre-existing damage, inspections, or appraisals of the truck and/or trailer involved in the incident for any damage sustained in the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:**
A copy of any documentation dealing with any claims for personal injury or property damage made by Defendant (including any claim to any of Defendant's insurance carriers or claims made against any insurer, individual or entity) or made by any other entity in contract with Defendant for damages to the driver, truck and/or trailer involved in the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:**
Any and all documents reflecting any pre-existing damage to the truck and/or trailer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 95:**
A copy of a "representative document" showing the following for your **vehicle/truck/trailer involved in the subject incident:**
a. The height, weight, width, number of axles, and length of the truck and/or trailer involved in the incident made the basis of this suit;
b. Reflecting the type of braking system the truck and trailer was equipped with on the date of the incident;
c. Documents reflecting, or from which could be derived, the weight being carried by the drive axles of the truck and the trailer at the time of the incident;
d. Documents reflecting, or from which could be derived, the total weight for the truck and trailer at the time of the incident;
e. A copy of the weight-bill for the cargo being transported at the time of the incident;
f. Documents reflecting, or from which could be derived, the empty weight for the truck and the trailer at the time of the incident;
g. Documents reflecting, or from which could be derived, the gross registered weight for the truck at the time of the incident; and
h. A representative document showing the mileage of the truck and the mileage of the trailer involved in the incident at the time of the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 96:**

Copies of the registration, license and title records of the truck and trailer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 97:**
A copy of any Department of Transportation inspection for Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** for the three (3) years prior to the incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 98:**
A copy of any TXDOT, TTC or any other regulatory body (of any state, District of Columbia, United States Protectorate, Possession or Territory or other governmental agency) inspection and/or Safety Review of Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** for the three (3) calendar years before, up to and including the date of the incident. This includes a request for any Safety Rating and/or Safety Fitness Rating received and a copy of all questionnaires or information provided by Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** to the entities listed above.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 99:**
Any and all petitions or answers reflecting other lawsuits or claims, all police reports, accident reports, or incident reports, involving a truck, or commercial motor vehicle incident in the State of Texas to which any employee or agent of Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** has been a party involving a truck accident in the state of Texas from five (5) years prior to the incident made the basis of this suit to the day of the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 100:**
Any and all petitions or answers reflecting other lawsuits or claims, all police reports, accident reports, or incident reports of any automobile, truck, or commercial vehicle accident that Defendant **Navjot Singh** has been involved in as a driver from ten (10) years prior to the incident made the basis of this suit to the present.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 101:**
A copy of any driver's license held by Defendant **Navjot Singh.**

RESPONSE:

**REQUEST FOR PRODUCTION NO. 102:**
Copies of any PIP application, MED PAY application, workers' compensation report of injury or accident form, or application for medical or wage benefits to any insurance company completed by Defendant **Navjot Singh.**

RESPONSE:

**REQUEST FOR PRODUCTION NO. 103:**
A copy of any portion of Defendant **Navjot Singh's** medical records pertaining to the incident made the basis of this suit, wherein he mentioned in any way or fashion the facts of the incident made the basis of this suit, or the circumstances leading to any injury by him from the incident made the basis of this suit. NOTE: Plaintiff is only seeking portions of these records dealing with the incident made the basis of this suit (presumably the history section) and is not seeking portions of any records dealing with any injuries sustained by him. Plaintiff agrees that these unrelated sections may be redacted in their entireties.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 104:**
A copy of a representative document best reflecting the structure or organization of Defendant, **Bodkin Leasing Corp.,** and/or **TriStar Carriers, LTD** Items sought include Articles of Incorporation, Partnership Agreements, Secretary of State filings, Assumed Name documents, Doing Business As filings, and the State Corporate Commission filing.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 105:**
Any and all documents that will or may be used by yourself and/or on your behalf to impeach Plaintiff.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 106:**
Any and all documents that will or may be used by yourself and/or on your behalf to impeach any expert retained by Plaintiff.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 107:**
Any and all documents in your possession, which would show and/or indicate that any expert retained by Plaintiff is not competent and/or qualified to render opinions in this case.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 108:**
Any and all documents that may be used to attack, object to, or exclude any opinions of any expert retained by Plaintiffs under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 479 (1993); E.I. du Pont de Nemours & Co. v. Robinson, 923 S. W.2d 549 (Tex.1995); or similar cases.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 109:**
A copy of any reports, testimony, trial testimony, written statements, billings, correspondence, or depositions (including said documents from other cases or files) in your possession of any expert retained or designated by Plaintiff.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 110:**

A copy of any article, paper, book, publication, or document that may be used to cross-examine any expert retained by Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 111:**
A copy of any article, paper, book, publication, or document that any expert of Defendants may claim as authoritative or may attempt to read from, admit, or present to the judge or jury of this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 112:**
A copy of any power point, computer graphic, slide show, or computer displayed program or exhibits that may be used by Defendants, used by any expert for Defendants, or presented to the judge or jury in this lawsuit (including voir dire).

RESPONSE:

**REQUEST FOR PRODUCTION NO. 113:**
Copies of any and all exhibits, charts, enlargements, diagrams, photographs, video tapes or other type of demonstrative evidence or exhibit that the Defendants may attempt to introduce into evidence or exhibit to the Judge or Jury at the time of trial or hearing. NOTE that this inquiry is not seeking the mental impressions or trial strategy of your attorney and, accordingly, you are not required to state which such documents you or your attorney intend or plan to introduce into evidence at trial or in any hearing. Plaintiffs will, however, object to any attempt to introduce into evidence, either at trial or in any hearing in this cause, any documents that have not been timely produced in response to this request.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 114:**
Copies of any and all of Plaintiff's medical records, documents, reports and billing in Defendants' possession.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 115:**
Produce a copy of each surveillance photograph, motion picture or video taken of Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 116**:
All documents mentioning or pertaining to any reservation of rights or other condition or qualification providing coverage or a defense asserted by an insurer or indemnitor of any Defendants that pertain to the claims made the basis of this lawsuit.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 117**:
Any and all non-privileged documents, not previously produced or identified, which you claim contain relevant facts regarding:
a.) the liability issues which will be submitted to the jury;
b.) the damage issues which will be submitted to the jury;
c.) the identity of any fact or expert witness; and/or
d.) any affirmative defense or inferential rebuttal defense.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 118**:
A copy of any results of any "Smart Truk", Systems Technology, Inc., TOPS, OMNI TRACS, QUALCOM, READY SHAFT II, or other computer based fatigue monitoring system (or other similar system, whether or not computer driven) in place in the truck and any other vehicle which **Navjot Singh** operated for the time period of six months prior to the incident to one month after the incident.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 119**:
A copy of a "representative document" showing the following for the **commercial vehicle involved in the subject incident**:
i. The height, weight, width, number of axles, and length of the truck and/or trailer involved in the incident made the basis of this suit;
j. Reflecting the type of braking system the truck and trailer was equipped with on the date of the incident;
k. Documents reflecting, or from which could be derived, the weight being carried by the drive axles of the truck and the trailer at the time of the incident;
l. Documents reflecting, or from which could be derived, the total weight for the truck and trailer at the time of the incident;
m. A copy of the weight-bill for the cargo being transported at the time of the incident;
n. Documents reflecting, or from which could be derived, the empty weight for the truck and the trailer at the time of the incident;
o. Documents reflecting, or from which could be derived, the gross registered weight for the truck at the time of the incident; and
p. A representative document showing the mileage of the truck and the mileage of the trailer involved in the incident at the time of the incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 120:**
Produce your driver's record. In the alternative, complete and sign the attached authorization for release of your driver's record.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 121**
Produce all notes, social media posts or social media statements regarding the subject incident or injuries. This is also Plaintiff's request for preservation of your social media accounts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 122:**
Provide all data recorded or saved by the "safe driving apps", whether personal or business, for the subject incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 123:**
Please produce true and correct copies of any and all documents in the possession of Defendant or Defendants' attorneys, the sole basis of which is to impeach Plaintiff's experts, consulting experts, fact witnesses, and/or persons with relevant knowledge.

**RESPONSE:**

## INTERROGATORIES TO DEFENDANT NAVJOT SINGH

**INTERROGATORY NO. 1:**
Identify the person or persons who are answering these Interrogatories and Requests for Admissions in the above styled and numbered cause by stating:

    (a) Your full name (any other names, including maiden name, if applicable);
    (b) All driver licenses, types, numbers and by whom issued, held by you at any time;
    (c) Your date and place of birth;
    (d) Your address or addresses for the past five years, giving the street address, street number, city and state;
    (e) The name and last known street, city and state address of each person, if any, to whom you have ever been married either ceremonially or by common law marriage; and

(f) Your occupation.

**ANSWER:**

**INTERROGATORY NO. 2:**
Describe how you understand the incident made the basis of this lawsuit occurred.

**ANSWER:**

**INTERROGATORY NO. 3:**
Have you ever had a driver license restricted, suspended, canceled, or revoked?  If the answer is yes, please identify the date and reason for any restrictions, suspensions, revocations, or cancellations.

**ANSWER:**

**INTERROGATORY NO. 4:**
Please state whether you have ever been convicted, charged or pled guilty to any crime, whether a felony or misdemeanor, and describe the nature of any such charges or convictions, the times such charges were made, and, if applicable, the state, district, court, cause number and date when a judgment of conviction was entered against him.

**ANSWER:**

**INTERROGATORY NO. 5:**
Detail all contentions that you are not liable to the Plaintiff as alleged in Plaintiff's Petition.

**ANSWER:**

**INTERROGATORY NO. 6:**
Identify any and all car accidents that you have been involved in for the last five years. Provide the date, location, and a description of any accidents.

**ANSWER:**

**INTERROGATORY NO. 7:**
Please identify each and every adjuster, claims handler and/or investigator that has investigated this claim.

**ANSWER:**

**INTERROGATORY NO. 8:**

Where were you coming from and where were you going at the time of the collision made the basis of this lawsuit? Include in your answer any stops made after you began the trip.

    **ANSWER:**

**INTERROGATORY NO. 9:**
Identify any intoxicants, drugs, and/or medications, prescription or other, you ingested in the forty-eight (48) hours preceding the collision made the basis of this lawsuit.

    **ANSWER:**

**INTERROGATORY NO. 10:**
List all mechanical or other defects, if any, in the vehicle you were driving vehicle at the time of the accident made the basis of this suit.  Include any advisories from any person giving notice that the vehicle may have needed or required repairs or maintenance.

    **ANSWER:**

**INTERROGATORY NO. 11:**
If an investigation was conducted concerning the accident in question, please identify the person who conducted each investigation, and if he/she/they does not now have custody of any records or reports concerning the investigation, the name and address of the person now having custody of the records or reports made concerning each investigation.

    **ANSWER:**

**INTERROGATORY NO. 12:**
Have you ever worn or needed corrective lenses? If so, state when you first began to wear or need corrective lenses, whether you had corrective lenses on at the time of this incident, whether they were regular corrective lenses or sunglasses, a description of the condition which require the use of corrective lenses, and whether you wear corrective lenses constantly or for particular purposes.

    **ANSWER:**

**INTERROGATORY NO. 13:**
Have you ever been involved in a lawsuit other than this one?  If so, list the names of all such actions, the court in which suit was filed, the attorney involved, the disposition of the lawsuit and whether you were a Plaintiff or a Defendant in the same.

    **ANSWER:**

**INTERROGATORY NO. 14:**

Identify everything you did in an attempt to avoid the collision made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO.** 15:
Identify any and all traffic violations you have had in the last three years.

**ANSWER:**

**INTERROGATORY NO.** 16:
Identify your cell phone number, cell phone carrier, and state whether you were operating a smart phone or other communication device at the time of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO.** 17:
Were there any distractions in your vehicle at the time of the collision made the basis of this lawsuit that prevented you from avoiding the collision made the basis of this lawsuit?

**ANSWER:**

**INTERROGATORY NO.** 18:
Please state whether your vehicle or cellular phone is equipped with any "safe driving apps," including any applications which record movement, speed, and any other type of driving data for the vehicle involved in the collision made the basis of this lawsuit.

**ANSWER:**

## INTERROGATORIES TO DEFENDANTS
## BODKIN LEASING CORP., AND TRISTAR CARRIERS, LTD

**INTERROGATORY NO.** 1:
Identify the person or persons who are answering these Interrogatories and Requests for Admissions in the above styled and numbered cause by stating:

    (a) Your full name (any other names, including maiden name, if applicable);
    (b) All driver licenses, types, numbers and by whom issued, held by you at any time;
    (c) Your date and place of birth;
    (d) Your address or addresses for the past five years, giving the street address, street number, city and state;

(e) The name and last known street, city and state address of each person, if any, to whom you have ever been married either ceremonially or by common law marriage; and

(f) Your occupation.

**ANSWER:**

**INTERROGATORY NO. 2:**
Detail all contentions that you are not liable to the Plaintiff as alleged in Plaintiff's Petition.

**ANSWER:**

**INTERROGATORY NO. 3:**
Please identify each and every adjuster, claims handler and/or investigator that has investigated this claim.

**ANSWER:**

**INTERROGATORY NO. 4:**
Where was **Navjot Singh** coming from and where was he/she going at the time of the collision made the basis of this lawsuit? Include in your answer any stops made after the trip began.

**ANSWER:**

**INTERROGATORY NO. 5:**
List all mechanical or other defects, if any, in the vehicle **Navjot Singh** was driving vehicle at the time of the accident made the basis of this suit.  Include any advisories from any person giving notice that the vehicle may have needed or required repairs or maintenance.

**ANSWER:**

**INTERROGATORY NO. 6:**
If an investigation was conducted concerning the accident in question, please identify the person who conducted each investigation, and if he/she/they does not now have custody of any records or reports concerning the investigation, the name and address of the person now having custody of the records or reports made concerning each investigation.

**ANSWER:**

**INTERROGATORY NO. 7:**

Have you ever been involved in a lawsuit other than this one? If so, list the names of all such actions, the court in which suit was filed, the attorney involved, the disposition of the lawsuit and whether you were a Plaintiff or a Defendant in the same.

    **ANSWER:**

**INTERROGATORY NO.** 8:
Please state whether the subject vehicle is equipped with any "safe driving apps," including any applications which record movement, speed, and any other type of driving data for the vehicle involved in the collision made the basis of this lawsuit.

    **ANSWER:**

## IX. REQUESTS FOR DISCLOSURE

Plaintiff requests that the Defendants respond to the disclosures mandated by Rule 194 of the Texas Rules of Civil Procedure within fifty (50) days of their receipt of this petition.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final trial, he recovers a judgment against Defendants for damages in excess of the minimum jurisdictional limits of the Court, exemplary damages, pre-and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

**GENE TOSCANO, INC.**
846 Culebra Road
San Antonio, Texas 78201
Telephone: 210/732.6091
Telecopier: 210/735.4167

BY:    /s/ Andrew E. Toscano
       ANDREW E. TOSCANO
       State Bar No. 00786832

atoscano@genetoscano.com

**ATTORNEYS FOR PLAINTIFF**
**PEDRO PAREDES**

**Consent to Release Confidential Information**          # Cell Phone

I _____hereby authorize and request,
  [Print Name]


          Name: _____
                [Print name of cell phone carrier]


to release confidential information, to wit records of my cell phone use for phone number
_____during the period _____ through _____, to


          Name:        **Gene Toscano, Inc.**
    Title/Functions:   **Attorneys at Law**
          Address:     **846 Culebra Road, San Antonio, Texas 78201**


Use of this information shall be limited to the following purpose(s):

Litigation of: _____


_____
I understand that any cancellation or modifications of this authorization must be in writing, and
that I have a right to receive a copy of this authorization. A photocopy of this authorization shall
be as effective and valid as the original.

This authorization shall remain valid until: _____.

I furthermore release all parties stated here within from any legal liability resulting from the
release of this information, with the understanding that all parties involved will exercise
appropriate safeguards while using this information.


Signature _____       Date _____

DR-1 (Rev. 10/16)

# TEXAS DPS
## APPLICATION FOR COPY OF DRIVER RECORD

**MAIL TO: Texas Department of Public Safety, Box 149008, Austin, TX 78714-9008**

| DO NOT MAIL CASH. Mail check or money order payable to: Texas Department of Public Safety | Any questions regarding the information on this form should be directed to the Contact Center at 512-424-2600. Allow 2-3 weeks for delivery. |
|---|---|

## Check Type of Record Desired | FEE

| | | FEE |
|---|---|---|
| [ ] | 1. Name – DOB – License Status – Latest Address. | $ 4.00 |
| [ ] | 2. Name – DOB – License Status – 3 Year Record only lists Crashes/Moving Violations. | $ 6.00 |
| [ ] | 2A. CERTIFIED version of #2. This Record is Not acceptable for a Defensive Driving Course (DDC). | $ 10.00 |
| [ ] | 3. Name – DOB – License Status – Record of ALL Crashes/Violations. **Furnished to Licensee Only.** | $ 7.00 |
| [X] | 3A. CERTIFIED version of #3. **Furnished to Licensee Only and is Acceptable for DDC.** | $ 10.00 |
| [X] | 4. Abstract Record – Certified abstract of completed driver record. | $ 20.00 |
| [ ] | Other: (Original Application, DWLI, etc.) | $ [  ].00 (If Required) |

## Mail Driver Record To:   (Please Print or Type)

Requestor's Last Name                    Requestor's First Name

8 4 6 | C U L E B R A | R O A D

Street Address                    Texas Driver License Number

S A N | A N T O N I O     T X   7 8 2 0 1   2 1 0 - 7 3 2 - 6 0 9 1

City                State    Zip Code      Daytime Telephone Number (include area code)

If requesting on behalf of a business, organization, or other entity, please include the following:

G E N E | T I O S C A N O , | I N C.

Name of business, organization, entity, etc.

A T T O R N E Y

Your Title or Affiliation with above

L A W | F I R M

Type of business, organization, etc. (i.e., insurance provider, towing company, private investigation, firm, etc.)

## Information Requested On:

Texas Driver License Number         Date of Birth         /         /         Suffix (SR., JR., etc.)

Last Name

First Name

Middle Name/Maiden Name

## Individual's Written Consent For *ONE TIME* Release to Above Requestor

(Requestor, if you do not meet one of the exceptions listed on the back of this form, please be advised that without the written consent of the driver license/ID card holder, the record you receive will not include personal information.)

I, _____, hereby certify that I granted access on this one occasion to my Driver License/ID Card record, inclusive of the personal information (name, address, driver identification number, etc.) to _____.

_____          _____
Signature of License / ID Card Holder or Parent / Legal Guardian          Date

## State and Federal Law Requires Requestors to Agree to the Following:

In requesting and using this information, I acknowledge that this disclosure is subject to the federal Driver's Privacy Protection Act (18 U.S.C. Section 2721 et seq.) and Texas Transportation Code Chapter 730. False statements or representations to obtain personal information pertaining to any individual from the DPS could result in the denial to release any driver record information to myself and the entity for which I made the request. Further, I understand that if I receive personal information as a result of this request, it may only be used for the stated purpose and I may only resell or redisclose the information pursuant to Texas Transportation Code §730.013. Violations of that section may result in a criminal charge with the possibility of a $25,000 fine.

I certify that I have read and agree with the above conditions and that the information provided by me in this request is true and correct. If I am requesting this driver record on behalf of an entity, I also certify that I am authorized by that entity to make this request on their behalf. I also acknowledge that failure to abide by the provisions of this agreement and any state and federal privacy law can subject me to both criminal and civil penalties.

_____          _____
Signature of Requestor          Date

**If you are not requesting a copy of your own record or do not have the written consent of DL/ID holder, you must provide the information requested on the reverse.**

| **Texas Department of Public Safety** | **Save Time – Request Your Driver Record Online**<br>**www.texas.gov** |
|---|---|

## Important Instructions – Read Carefully

The Texas Department of Public Safety may disclose personal information to a requestor without written consent of the DL/ID holder, on proof of their identity and a certification by the requestor that the use of the personal information is authorized under state and federal law and that the information will be used only for the purpose stated and in complete compliance with state and federal law.

**You must meet one or more of the following exceptions if you do not have written consent of the DL/ID holder to be entitled to receive personal information on the above named individual. Please** _initial_ **each category that applies to the requested driver record.**

_____ 1. For use in connection with any matter of (a) motor vehicle or motor vehicle operator safety; (b) motor vehicle theft; (c) motor vehicle emissions; (d) motor vehicle product alterations, recalls, or advisories; (e) performance monitoring of motor vehicles or motor vehicle dealers by a motor vehicle manufacturer; or (f) removal of nonowner records from the original owner records of a motor vehicle manufacturer to carry out the purposes of the Automobile Information Disclosure Act, the Anti Car Theft Act of 1992, the Clean Air Act, and any other statute or regulation enacted or adopted under or in relation to a law included in the above.

_____ 2. _(Valid for Certified Abstract)_ For use by a government agency in carrying out its functions or a private entity acting on behalf of a government agency in carrying out its functions.

_____ 3. For use in connection with a matter of (a) motor vehicle or motor vehicle operator safety; (b) motor vehicle theft; (c) motor vehicle product alterations, recalls, or advisories; (d) performance monitoring of motor vehicles, motor vehicle parts, or motor vehicle dealers; (e) motor vehicle market research activities, including survey research; or (f) removal of nonowner records from the original owner records of motor vehicle manufacturers.

_____ 4. For use in the normal course of business by a legitimate business or an authorized agent of the business, but only to verify the accuracy of personal information submitted by the individual to the business or the authorized agent of the business and to obtain correct information if the submitted information is incorrect to prevent fraud by pursuing a legal remedy against, or recovering on a debt or security interest against the individual.

___A.T.___ 5. _(Valid for Certified Abstract)_ For use in conjunction with a civil, criminal, administrative, or arbitral proceeding in any court or government agency or before any self regulatory body, including service of process, investigation in anticipation of litigation, execution or enforcement of a judgement or order, or under an order of any court.

_____ 6. For use in research or in producing statistical reports, but only if the personal information is not published, redisclosed, or used to contact any individual.

_____ 7. For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.

_____ 8. For use in providing notice to an owner of a towed or impounded vehicle.

_____ 9. For use by a licensed private investigator agency or licensed security service for a purpose permitted as stated on this page.

_____ 10. _(Valid for Certified Abstract)_ For use by an employer or an authorized agent or insurer of the employer to obtain or verify information relating to a holder of a commercial driver license that is required under 49 U.S.C. Chapter 313.

_____ 11. For use in connection with the operating of a private toll transportation facility.

_____ 12. For use by a consumer-reporting agency as defined by the Fair Credit Reporting Act (15 U.S.C. §1681 et seq.) for a purpose permitted under the Act.

_____ 13. For any other purpose specifically authorized by law that relates to the operation of a motor vehicle or to public safety.

Please state specific statutory authority _____

_____ 14. For use in the preventing, detecting, or protecting against identity theft or other acts of fraud. The Department prior to release of personal information may require additional information.

Below is an example of how numbers and letters should be written on front of this form:



| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 0 |

| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S | T | U | V | W | X | Y | Z |